**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | | |
|---|---|---|
| EDMUND EDWARDS, | ) | No. CV 22-8812 FMO (PLA) |
| Plaintiff, | ) | |
| v. | ) | **ORDER DISMISSING AMENDED COMPLAINT FOR LACK OF JURISDICTION** |
| LEE R. BOGDANOFF, *et al.*, | ) | |
| Defendants. | ) | |

On December 5, 2022, Edmund Edwards ("plaintiff") filed a Complaint initiating this *pro se* action. (ECF No. 1). Plaintiff also filed a "Request to Proceed *In Forma Paupers*," which was blank apart from plaintiff's signature and a date. (ECF No. 2; "IFP Request"). A ruling on plaintiff's IFP Request was postponed for 30 days, and plaintiff was ordered to file the required information. (ECF No. 5). Instead, on January 12, 2023, plaintiff paid the filing fee. (ECF No. 6).

On the Civil Cover Sheet that plaintiff filed with his Complaint, plaintiff checked "diversity" as the basis for jurisdiction. (ECF No. 1-1). In his Complaint, plaintiff named as defendants Judge Bogdanoff, a "probate judge for the County of Los Angeles"; the County of Los Angeles; and the State of California. (ECF No. 1 at 1-3). Plaintiff states that he resides in Indiana and all of the defendants either work in Los Angeles County or are entities located within the State of California.

On January 17, 2023, the Court issued an Order Dismissing Complaint for Lack of

Jurisdiction. (ECF No. 9; "Court's First Order"). In the Court's First Order, the Court found that plaintiff had failed to allege sufficient facts in his Complaint to support an inference that the amount in controversy exceeds $75,000, as is required to establish that diversity jurisdiction exists. Accordingly, the Complaint was dismissed without prejudice. See, e.g., Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). However, because plaintiff is proceeding *pro se* in this action and the Court must hold his pleadings to less stringent standards than pleadings drafted by attorneys, the Court provided plaintiff with an opportunity to amend his pleading to correct the deficiencies as discussed in the Court's First Order. See, e.g., Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007). Plaintiff was ordered, if he desired to pursue this action on the basis of diversity jurisdiction, to allege in a First Amended Complaint specific facts supporting an inference that the amount in controversy exceeds $75,000, as well facts showing that his citizenship is diverse from that of each defendant. See 28 U.S.C. § 1332(a). Plaintiff was admonished that, if he failed to timely file a First Amended Complaint or to remedy the deficiencies as discussed in the Court's First Order, the Court would dismiss this action without further leave to amend. (See ECF No. 9).

On January 24, 2023, plaintiff filed a pleading entitled "Plaintiff's Complaint at Law and in Equity." (ECF No. 11).[1] The Court has construed plaintiff's pleading liberally as plaintiff's Amended Complaint. In his Amended Complaint, plaintiff names as defendants Judge Bogdanoff; Judge Lippitt, also a "probate judge for the County of Los Angeles"; the County of Los Angeles; and the State of California. (*Id.* at 1-2). Plaintiff now appears to be raising his action pursuant to 42 U.S.C. § 1983. (*Id.* at 1-4, 6, 8). It is not clear, however, what civil rights claims plaintiff is

---

[1] Also on January 24, 2023, plaintiff filed a new action in this Court, Case No. 2:23-cv-00552-FMO-PLA, in which he paid the filing fee. Attached to plaintiff's Complaint in that action as "Exhibit B" is a copy of the amended pleading filed in this action. (Case No. 2:23-cv-00552, ECF No. 1 at 20-32). Also attached to the Complaint in plaintiff's new action, as "Exhibit A," is a Notice of Removal from plaintiff's Superior Court probate action. (*Id.* at 12-19). It is not clear what plaintiff's intent was in attaching these pleadings to his new action. However, to the extent that plaintiff is attempting to merge this action with any other action, plaintiff has no authority to unilaterally merge a pending action with a new action.

purporting to raise in this action. Plaintiff alleges generally that the action is for "deprivation of rights under color of state law for the reasons described and detailed herein" (*id.* at 3, 6), and that "defendants are engaged in a corruption and racketeering scheme designed to deprive individuals such as the plaintiff ... of the due process of law" or "of their constitutional rights" (*id.* at 3, 5 ("depriving the plaintiff of their [sic] constitutional rights")). Plaintiff's only specific claims appear to be for the "deprivation of [unspecified] rights pursuant to 42 U.S.C. § 1983" (*id.* at 6); a claim against the "City of Los Angeles," an entity not named as a defendant in this action and against whom no facts are alleged (*id.* at 8); and a claim for "fraudulent misrepresentation" arising "[u]nder California law" (*id.* at 10). Plaintiff's claims all appear to concern a probate matter that appears to be pending in the Superior Court of California in which Superior Court Judge Bogdanoff gave two "individuals numerous opportunities to provide proof of their assertions [of a relationship to plaintiff's deceased father] in the form of a DNA test," but then granted extensions and failed to issue sanctions when the individuals did not provide test results. (*Id.* at 3-4, 7). Although Judge Lippitt is named as a defendant in the Amended Complaint (*id.* at 1-2), no facts are alleged in the pleading against this defendant.

   A federal court has an obligation to assure itself of jurisdiction before proceeding to the merits of any case. See, e.g., Lance v. Coffman, 549 U.S. 437, 439, 127 S. Ct. 1194, 167 L. Ed. 2d 29 (2007). "'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" Gunn v. Minton, 568 U.S. 251, 256, 133 S. Ct. 1059, 1064, 185 L. Ed. 2d 72 (2013) (quoting Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994)). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." Stevedoring Servs. of Am. v. Eggert, 953 F.2d 552, 554 (9th Cir. 1992); see also Scholastic Entm't, Inc. v. Fox Entm't Grp., Inc., 336 F.3d 982, 985 (9th Cir. 2003) (a court may dismiss *sua sponte* for lack of subject matter jurisdiction without violating due process). A "plaintiff bears the burden of proving" the existence of subject matter jurisdiction and "must allege facts, not mere legal conclusions," to invoke the court's jurisdiction. Leite v. Crane Co., 749 F.3d 1117, 1121 (9th Cir. 2014).

   As an initial matter, plaintiff's claim raised pursuant to California law (ECF No. 11 at 10)

3

does not give rise to a Section 1983 claim in this action. Rather, plaintiff must allege that a named defendant, while acting under color of state law, deprived him of a right guaranteed under the Constitution or a federal statute. See West v. Atkins, 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988). An alleged violation of California law simply cannot give rise to a federal civil rights claim. See, e.g., Galen v. Cnty. of Los Angeles, 477 F.3d 652, 662 (9th Cir. 2007) ("Section 1983 requires [a plaintiff] to demonstrate a violation of federal law, not state law."). Further, to the extent that plaintiff is purporting to raise a claim directly pursuant to Section 1983 (see ECF No. 11 at 6 ("[t]o assert a claim under section 1983")), Section 1983 is not itself a source of a substantive right, but, rather, it provides a mechanism for an individual to seek a remedy for violations of specific federal statutory or constitutional rights. See, e.g., Stilwell v. City of Williams, 831 F.3d 1234, 1240 (9th Cir. 2016); see also Graham v. Connor, 490 U.S. 386, 395, 109 S. Ct. 1865, 104 L. Ed. 2d 443 (1989) (if an "Amendment provides an explicit textual source of constitutional protection against [certain] … physically intrusive governmental conduct, that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing these claims"). Accordingly, plaintiff's general references to "due process," "constitutional rights," or Section 1983 fail to satisfy his burden of alleging facts, not mere legal conclusions, sufficient to invoke the Court's jurisdiction. See Leite, 749 F.3d at 1121.

Further, following plaintiff's opportunity for amendment, the only individual defendants plaintiff names in this action are two "probate judges" for the Superior Court of California. It appears from the factual allegations set forth in the Amended Complaint that the named judges are entitled to absolute immunity from suit even in light of plaintiff's unsupported allegations that unspecified defendants are engaging in an "organized criminal scheme" or a "racketeering scheme designed to deprive individuals such as the plaintiff and others similarly situated of their rights and property in various ways" and without due process. (ECF No. 1 at 3-4, 8). Plaintiff alleges, without any supporting facts, that this "criminal racketeering scheme" deprived plaintiff of his "constitutional rights." (Id. at 5, 7). Specifically, however, plaintiff merely alleges that Judge Bogdanoff continued to grant extensions of time to the two individuals ordered to provide DNA tests in the State Court probate matter, failed to impose sanctions against the individuals when they did not comply with

such order, and acted "for the purpose of prolonging the matter." (*Id.* at 3-5, 7).

Judges are entitled to absolute judicial immunity from federal civil rights suits for judicial acts taken within the jurisdiction of their courts, and "judicial immunity is not overcome by allegations of bad faith or malice." Mireles v. Waco, 502 U.S. 9, 11, 112 S. Ct. 286, 116 L. Ed. 2d 9 (1991); Stump v. Sparkman, 435 U.S. 349, 355-56, 98 S. Ct. 1099, 55 L. Ed. 2d 331 (1978). A judge does not lose absolute immunity merely because the action he took was in error, was done maliciously, or was in excess of his authority. See, e.g., Stump, 435 U.S. at 356. Here, plaintiff's factual allegations against the two named judicial defendants pertain only to the granting of extensions of time and a repeated failure to impose sanctions. These factual allegations concern judicial acts taken in a judicial capacity, and plaintiff's speculative allegations of bad faith or maliciousness do not raise a plausible inference that Judge Bogdanoff or Judge Lippitt acted in the clear absence of all jurisdiction. See, e.g., Sadoski v. Mosley, 435 F.3d 1076, 1079 (9th Cir. 2006). Accordingly, the Court lacks jurisdiction over plaintiff's claims against Judge Bogdanoff and Judge Lippitt in their individual capacities because such claims are barred by absolute immunity.

Further, plaintiff's Amended Complaint again names as a defendant the State of California. However, as the Court previously has admonished plaintiff, the Eleventh Amendment bars federal jurisdiction over suits by individuals against a State and its instrumentalities, unless either the State consents to waive its sovereign immunity or Congress abrogates it. Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 99-100, 104 S. Ct. 900, 79 L. Ed. 2d 67 (1984). While California has consented to be sued in its own courts pursuant to the California Tort Claims Act, such consent does not constitute consent to suit in federal court. See BV Eng'g v. Univ. of Cal., 858 F.2d 1394, 1396 (9th Cir. 1988); see also Atascadero State Hosp. v. Scanlon, 473 U.S. 234, 241, 105 S. Ct. 3142, 87 L. Ed. 2d 171 (1985) (holding that Art. III, § 5 of the California Constitution does not constitute a waiver of California's Eleventh Amendment immunity), superseded on other grounds as stated in Lane v. Pena, 518 U.S. 187, 197-200 (1996). In addition, Congress has not repealed State sovereign immunity against suits under 42 U.S.C. § 1983. Further, a state or a state agency cannot be a party to an action based on diversity jurisdiction. See, e.g., Fifty Assocs. v. Prudential Ins. Co., 446 F.2d 1187, 1191 (9th Cir. 1970)

1  ("neither a state nor a state agency [can] be a party to a diversity action").  Additionally, to the
2  extent that plaintiff is purporting to raise any claims herein against the California Superior Court
3  for the County of Los Angeles, that court is a state agency and its employees and officials are
4  state agents for purposes of civil rights claims.  See, e.g., Simmons v. Sacramento Cnty. Superior
5  Ct., 318 F.3d 1156, 1161 (9th Cir. 2003) (state courts are "arms of the state" and are entitled to
6  Eleventh Amendment immunity); Greater L.A. Council on Deafness, Inc. v. Zolin, 812 F.2d 1103,
7  1110 (9th Cir. 1987) (finding that a civil rights action against a California Superior Court is a suit
8  against the State and thus barred by the Eleventh Amendment).  Further, to the extent that plaintiff
9  is purporting to name a Superior Court judge in his or her official capacity, the Supreme Court has
10 held that an "official-capacity suit is, in all respects other than name, to be treated as a suit against
11 the entity."  Kentucky v. Graham, 473 U.S. 159, 166, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985).
12      Here, plaintiff's Amended Complaint repeatedly references Ex parte Young, 209 U.S. 123,
13 149-56, 28 S. Ct. 441, 52 L. Ed. 714 (1908) (ECF No. 11 at 2, 5-6, 8, 10-11), but the Ex parte
14 Young doctrine permits federal court jurisdiction over a suit against a state official when such suit
15 seeks prospective injunctive relief to prevent the state official's continuing violation of federal law.
16 See, e.g., Ariz. Students' Ass'n v. Bd. of Regents, 824 F.3d 858, 865 (9th Cir. 2016); Agua
17 Caliente Band of Cahuilla Indians v. Hardin, 223 F.3d 1041, 1045 (9th Cir. 2000).  To establish
18 federal jurisdiction over such a claim, a pleading "must identify a practice, policy, or procedure that
19 animates the constitutional violation at issue."  Ariz. Students' Ass'n, 824 F.3d at 865.  Following
20 plaintiff's attempt at amendment, his pleading fails to set forth any facts identifying a "practice,
21 policy, or procedure" undertaken by a named defendant that is related in any way to an alleged
22 constitutional violation.  Moreover, the Ex parte Young exception to Eleventh Amendment
23 sovereign immunity applies only to a claim for **prospective** injunctive relief against an individual
24 state official in his or her official capacity.  See, e.g., Doe v. Regents of the Univ. of Cal., 891 F.3d
25 1147, 1153 (9th Cir. 2018).  Plaintiff seeks monetary damages in this action (ECF No. 11 at 2, 5-6,
26 8, 10-11), and he fails to set forth what specific injunctive relief he is seeking beyond an unfocused
27 order requiring "defendants to comply with the due process of law" (*id.* at 2, 6, 8, 10-11). Plaintiff's
28 Amended Complaint sets forth no facts alleging a continuing violation of the Fourteenth

Amendment's Due Process Clause or any other federal statutory or constitutional right that he alleges was caused by a judicial defendant. Further, although plaintiff seeks injunctive relief ordering defendants to "correct the misrepresentations to the arrest record of the plaintiff" (ECF No. 11 at 12), such relief is not the type of **prospective** injunctive relief to which the Ex parte Young exception applies. Even construing plaintiff's factual allegations liberally, the Court is unable to find adequate allegations showing any "ongoing violation of federal law," much less an alleged "practice, policy, or procedure" carried out by any named defendant that "animates [a] constitutional violation at issue." See, e.g., Collins v. S.F. Unified Sch. Dist., 2021 U.S. Dist. Lexis 154051, at *9-*10, 2021 WL 3616775 (N.D. Cal. Aug. 16, 2021) (citing Ariz. Students' Ass'n, 824 F.3d at 865).

Thus, the Court finds that it lacks subject matter jurisdiction over any claims plaintiff may be raising in this action against the State of California, the Los Angeles County Superior Court, and the two Superior Court judges in their official capacities because such claims are barred by the Eleventh Amendment.

In addition, to the extent that plaintiff may again be purporting to allege diversity as a basis for jurisdiction, the Court's First Order admonished plaintiff that he must plead specific facts supporting a plausible inference that the amount in controversy exceeds $75,000. See, e.g., Crum v. Circus Circus Enters., 231 F.3d 1129, 1131 (9th Cir. 2000). As the Court has admonished plaintiff, to bring a civil action in federal court on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332, a plaintiff's pleading must allege that each defendant's domicile is in a state different from plaintiff's domicile and that the amount in controversy exceeds $75,000. See 28 U.S.C. § 1332(a); Demarest v. HSCB Bank USA, N.A., 920 F.3d 1223, 1226 (9th Cir. 2019). The party seeking to establish federal jurisdiction bears the burden of alleging facts showing the essential elements of federal jurisdiction on the face of the pleading. See, e.g., Rivet v. Regions Bank of La., 522 U.S. 470, 475, 118 S. Ct. 921, 139 L. Ed. 2d 912 (1998) (a plaintiff must present a federal question on the face of a properly pleaded complaint); McCauley v. Ford Motor Co., 264 F.3d 952, 957 (9th Cir. 2001) (the party asserting federal jurisdiction bears the burden of proof).

As noted above, in determining whether plaintiff has met his burden of proving the

existence of jurisdiction, the Court is mindful that it must construe the factual allegations of the pleading liberally and must afford plaintiff the benefit of any doubt. See Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010). The Court, however, has "no obligation to act as counsel or paralegal to *pro se* litigants." Pliler v. Ford, 542 U.S. 225, 231, 124 S. Ct. 2441, 159 L. Ed. 2d 338 (2004). Here, plaintiff has stated that he resides in Indiana, and the defendants and/or entities that he names as defendants in the Amended Complaint appear to be domiciled in California. However, once again, plaintiff has failed to allege any specific facts in his pleading to reflect the amount in controversy. Plaintiff merely alleges generally that he has "suffered economic and non-economic damages in an amount to be fully determined in a trial by jury," and he seeks "compensatory damages and punitive damages." (ECF No. 1 at 1-2, 5-6, 8, 10-11). As discussed above, plaintiff's claims in this action arise from his attempts to "administer the estate of his late father" and to resolve the claims of two individuals who have asserted that they are the daughters of plaintiff's deceased father and thus entitled to the father's estate. (*Id.* at 3). Plaintiff alleges that the failure of Judge Bogdanoff to impose sanctions when the two individuals failed to provide a DNA test has caused "an endless and circular pattern of litigation," and that the "defendants are precluding the plaintiff from administering and executing the estate of their [sic] father in the instant matter with the intent to defraud the plaintiff." Plaintiff alleges, without any supporting facts, that he has been deprived of "the real estate and financial property that the plaintiff should otherwise be permitted to be in full possession of." (*Id.* at 3-4, 7, 10-11). Nothing in plaintiff's limited factual allegations raises a plausible inference that any defendant has caused plaintiff to suffer damages that exceed $75,000, exclusive of interest and costs. See, e.g., Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090-91 (9th Cir. 2003) (the party asserting diversity jurisdiction must prove that the amount in controversy exceeds $75,000 and "[c]onclusory allegations as to amount in controversy are insufficient").

Accordingly, because plaintiff's Amended Complaint fails to add new factual allegations regarding the amount of damages that plaintiff alleges any defendant in this action has caused him to suffer, even construing the pleading liberally, it remains impossible for the Court to find that plaintiff has alleged sufficient facts in his Amended Complaint to support an inference that the

amount in controversy exceeds $75,000. The Court therefore determines once again that plaintiff has failed to meet his burden of establishing that diversity jurisdiction exists.

The Court therefore finds that plaintiff has failed to meet his burden of alleging facts showing the essential elements to support federal jurisdiction on the face of his Amended Complaint. Accordingly, this action must be dismissed without prejudice. See, e.g., Fed. R. Civ. P. 12(h)(3). Moreover, it has become clear that further amendment would be futile because plaintiff will not be able to correct this basic flaw in his pleading if provided with an additional opportunity for amendment. See, e.g., Cervantes v. Countrywide Home Loans, Inc., 656 F.3d 1034, 1041 (9th Cir. 2011) (a district court may dismiss without leave to amend if "amendment would be futile"); Gardner v. Martino, 563 F.3d 981, 990 (9th Cir. 2009) ("A district court does not err in denying leave to amend where the amendment would be futile."); Chaset v. Fleer/Skybox Int'l, LP, 300 F.3d 1083, 1088 (9th Cir. 2002) (denial of leave to amend is not an abuse of discretion if the "basic flaw" in the underlying facts cannot be cured by amendment).[2]

## ORDER

---

[2] The Court notes that plaintiff has attached numerous exhibits to his Amended Complaint, including some documents that indicate the case number of a different action plaintiff filed in the District Court for the Central District of California, Case No. 2:22-cv-08814-SB-JC. That case was filed by plaintiff on the same day as he filed this action, December 5, 2023, as a Notice of Removal from the California Superior Court. That case was closed on January 12, 2023, and the District Judge therein remanded the action to the California Superior Court as a "probate case." (Case No. 2:22-cv-08814, ECF Nos. 1, 12). Plaintiff was admonished that the federal removal statutes provide that, unless otherwise prohibited, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed **by the defendant or the defendants**, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a)(1) (emphasis added). As set forth in the statutory language, a plaintiff has no right to remove a suit that he or she filed in state court to federal court. (Id., ECF No. 12). Plaintiff was instructed in Case No. 2:22-cv-08814 to file a new federal action if he wishes to proceed in federal court on any claim that is separate from the probate action. (Id., ECF No. 17). To the extent that plaintiff may be seeking in this action to remove his pending Superior Court probate action to this Court (see Case No. 2:22-cv-08812, ECF No. 11 at 13-14 (plaintiff's "Exhibit A," entitled "Notice of Removal" with this case number)), plaintiff's request is denied on the same grounds and because plaintiff has no authority to unilaterally merge a pending state court action with an already pending action in this Court.

Based on the foregoing, plaintiff's Amended Complaint (ECF No. 11) is dismissed without leave to amend and without prejudice for lack of jurisdiction.

**IT IS SO ORDERED.**

DATED: February 2, 2023

                                                     /s/
                         HONORABLE FERNANDO M. OLGUIN
                           UNITED STATES DISTRICT JUDGE